HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT HILL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF TACOMA, et al.,<br><br>　　　　　Defendants. | CASE NO. C13-6044 RBL<br><br>ORDER GRANTING TACOMA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[Dkt. #24] |

THIS MATTER is before the Court on the Tacoma Defendants' Motion for Summary Judgment. [Dkt # 24] Hill is a self–described candidate for Tacoma City Council, and the claims asserted in his handwritten Complaint appear to arise from some sort of altercation at a candidates' forum on October 13, 2010. He claims that then–Congressman Norm Dicks' staffers had placed campaign signs in the lawn inside the sidewalk. Hill claims that in response, he took one of the signs and began greeting attendees with claims that "Dicks is Trash!" and "Dicks is Garbage!"—because, he claims, this is true, and "Dicks is a real selfish rat-bastard." [*See* Dkt. #1-1 at 5]. Police confronted him and he ended up Tased and arrested. As a result of this incident, Hill spent one day in jail.

ORDER - 1

1   He sued Dicks, his staffers, the City, its officers, and others in State Court, asserting
2   claims for excessive force, negligence, assault, outrage, and "tortuous interference with political
3   expression rights." He sought general, special, and punitive damages. The Defendants
4   interpreted some of these claims as §1983 claims for violating his First and Fourth Amendment
5   rights, and timely removed the case. The "Congressional Defendants" have been dismissed, Dkt
6   # 22, leaving only the City of Tacoma and its officers as the remaining Defendants.

7   The Tacoma Defendants now argue that all of Hill's claims against them are time-barred,
8   because Hill filed his Complaint more than three years after the date he alleges he was the victim
9   of excessive force, the silencing of his political speech, and various other torts. They also
10  anticipate that Hill will claim the limitations period was tolled while he was in jail on unrelated
11  charges. They argue that the limitations period is tolled only for the single day he spent in jail as
12  a result of *this* incident. The Defendants seek summary judgment on the remaining claims
13  against them.

14  Hill's hand written, three-page Response argues that his claims tolled for 161 days,
15  extending the limitation period to March 22, 2014. However, Hill's argument admittedly relies
16  on the 1993 version of RCW 4.16.190. But he still argues that each of his unrelated stints in jail
17  operated to cumulatively toll the limitations period.

18  The other periods of incarceration are not related to the present incident, and the
19  Legislature has since passed a new version of RCW 4.16.190. The current RCW 4.16.190 only
20  allows tolling for an uninterrupted period of incarceration stemming *from the arrest at issue*.
21  Subsequent imprisonments do not toll the statute of limitations. *Bagley v. CMC Real Estate*
22  *Corp.*, 923 F.2d 758, 762 n.4 (9th Cir. 1991); *Pedersen v. Dep't of Transportation*, 43 Wn. App.
23  413, 422, 717 P.2d 773 (1986).

24

1     The limitations period for Hill's claims was tolled for only the single day he spent in jail
2 as the result of this incident.  The three-year limitations period expired on October 14, 2013.
3 Hill's Complaint was filed on November 5, 2013, more than years later.  Hill's claims are time-
4 barred.
5     The Defendants' Motion for Summary Judgment [Dkt. #24] is GRANTED and Hill's
6 claims against all remaining Defendants are DISMISSED with prejudice.
7  IT IS SO ORDERED.
8     DATED this 25th day of March, 2014

                    RONALD B. LEIGHTON
                    UNITED STATES DISTRICT JUDGE